## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**BARBARA BARRY**
19 Unami Trail
Chalfont, PA 18914

          *Plaintiff,*

           **vs.**

**GE WATER & PROCESS
TECHNOLOGIES**
4636 Somerton Road
Trevose, PA 19053

          *Defendant.*

NO. _____

CIVIL ACTION

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files the following Complaint against Defendant:

### INTRODUCTION

1.     Plaintiff initiates this action to seek redress against Defendant for unlawful disability discrimination in violation of the Americans with Disabilities Act ("ADA") and other applicable federal and state law.

### PARTIES

2.     Plaintiff is Barbara Barry ("Plaintiff"), an adult individual currently residing at the above-captioned address.

3.      Defendant, GE Water & Process Technologies ("Defendant") is located at 4636 Somerton Road Trevose, PA 19053 and is a corporation that is believed and therefore averred to have been created and existing pursuant to the laws of the Commonwealth of Pennsylvania.

4.      At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of her or her job duties.

5.      Defendant is an "employer" within the meaning of the ADA because it is engaged in an industry affecting interstate commerce and because they maintained or maintains fifteen ("15") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

6.      It is believed and therefore averred that Defendant is an "employer" within the meaning of the Family Medical and Leave Act ("FMLA") as it engages in commerce, or in any industry or activity affecting commerce, and has fifty ("50") or more employees for each working day in each of twenty ("20") or more weeks in the current or preceding calendar year.

7.      Defendant also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

8.      All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9.      The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

10.     The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11.     The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

12.     Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## PROCEDURAL and ADMINISTRATIVE REMEDIES

13.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14.     Plaintiff has satisfied the federal procedural and administrative requirements for proceeding with an action under the ADA.

15.     Plaintiff filed timely written charge(s) of discrimination with the Philadelphia office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission alleging discrimination. (Charge No. 530-2014-02102) on or about May 30, 2014.

16.     The instant action is timely because it is initiated at least ninety ("90") days after the issuance of a Right to Sue Letter by the EEOC mailed on or about January 26, 2016.

17.     Plaintiff has exhausted federal and state administrative remedies as to the allegations of the instant Complaint.

## FACTUAL BACKGROUND

18.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

19.     Plaintiff has worked for Defendant since approximately August 18, 1987.

20.     At the time of her EEO charge, she was a Sales Administrator reporting to Cara Broadbelt.

21.     Plaintiff was required to be out of work on short-term disability from February to May 2012, a few months after Broadbelt became her supervisor.

22.     There had been several prior complaints about Broadbelt violating the confidentiality of medical issues.

23.     Upon information and belief, Broadbelt told Plaintiff's co-worker's about the reason for her short-term disability, which is a statutory violation of the ADA and PHRA.

24.     Upon return from disability leave, and continuing up until the time she filed her EEO charge, Plaintiff was subjected to harassment and ridicule by Broadbelt and other workers under her supervision.

25.     Plaintiff was subjected to remarks and jokes about her being on medication.

26.     Packages were shaken in front of the Plaintiff when they were delivered to her at work from the mail order pharmacy while other employees laughed.

27.     Plaintiff's co-workers made comments about her salary, her work habits and her appearance.

28.     Plaintiff was treated differently in the terms and conditions of her employment.

29.     By way of example, Plaintiff asked Broadbelt for permission to move her cubicle due to distractions in February or March 2014, was refused allegedly because Plaintiff should have been "able to deal with any distractions" and that moving would have meant that Plaintiff was not "part of the team."

30.     On or about April 1, 2014, a nondisabled coworker, Tracy Poole, was permitted by Broadbelt to move her cubicle to the one Plaintiff had originally requested.

31.     Plaintiff had to raise a request a second time on or about April 7, 2014, after Poole had moved, before Broadbelt allowed her to change cubicles.

32.     On about April 25, 2014, a co-worker sent an e-mail to Broadbelt and to the Central Manager that Plaintiff supported which diminished the amount of time and effort Plaintiff had put into a Powerpoint prorject.

33.     The co-worker confronted Plaintiff in the office and called Broadbelt to advise her of the situation.

34.     Broadbelt arrived at approximately 10:45 AM and was angry she had to deal with the situation.

35.     The General Manager immediately contacted Broadbelt and the co-worker to correct the false accusation and stated that Plaintiff worked very hard on the Powerpoint project and spent many hours on it.

36.     The co-worker was never corrected for inappropriate behavior or for causing the situation.

37.     Plaintiff also has sent numerous e-mails to Broadbelt for information needed to complete assignments, but failed to receive replies.

38.     Plaintiff made repeated requests to Defendant's Ombudsman for assistance with the issues, but nothing was done in response to Plaintiff's complaints.

39.     Plaintiff's working conditions became progressively more discriminatory at work which prompted her to file an additional EEO charge on or about April 11, 2016 to which she has not yet received a "Right to Sue" letter.

**COUNT I**
**ADA Discrimination**

40.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

41.     Plaintiff is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff has, or had at all times relevant hereto, a disability that substantially limited/limits one or more major life activities, or because Plaintiff had a record of such impairment.

42.     Plaintiff also is a "qualified individual with a disability" as that term is defined in the ADA because Plaintiff was regarded as and/or perceived by Defendant and its agents as having a physical impairment that substantially limited/limits one or more major life activities.

43.     The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of disability or perceived disability.

44.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**COUNT II**
**Pennsylvania Human Relations Act**

45.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

46.     The foregoing discrimination by Defendant also violates the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

47.     As a result of Defendant's violations of the Pennsylvania Human Relations Act, Plaintiff has suffered damages, as set forth herein.

<u>**COUNT III**</u>
**FMLA Interference and Retaliation**

48.     All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

49.     It is believed and therefore averred Plaintiff was an "eligible employee" within the meaning of the FMLA because she was:

      a.  employed by Defendant for a period of at least twelve (12) months; and

      b.  worked at least 1,250 hours in the twelve-month period immediately preceding the scheduled commencement of his FMLA leave.

50.     Plaintiff was entitled to FMLA leave.

51.     At all times relevant hereto, the Defendant was prohibited by law from interfering with, restraining, or denying the exercise of or attempt to exercise Plaintiff's FMLA rights.

52.     At all times relevant hereto, the Defendant was prohibited by law from discharging or in any other manner discriminating against Plaintiff for opposing any practice made unlawful.

53.     Pursuant to guidelines promulgated by the U.S. Department of Labor, the Defendant was at all times relevant hereto barred from considering Plaintiff's FMLA leave as a negative factor in employment actions such as hiring, promotions or disciplinary actions. *See* 29 CFR § 825.220(c).

54.     As a matter of law, Plaintiff need not show that she was treated differently than others in pursuing an FMLA interference claim, and the Defendant cannot justify its actions by establishing a legitimate business purpose for its decision.

55.     As a result of Defendant's violations of the FMLA, Plaintiff has suffered damages, as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendant and that it enter an Order as follows:

a.  Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis prohibited under applicable federal and state law;

b.  Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on any basis prohibited under applicable federal and state law and be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

c.  Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority.  Plaintiff should be accorded those benefits illegally withheld from the date she first suffered discrimination at the hands of Defendant until the date of verdict;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions as permitted by applicable law;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or any other employees from engaging in such misconduct in the future;

f. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate including but not limited to reinstatement;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage – or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

k.  Plaintiff is to be accorded any and all other statutory damages the Court deems just, proper, and appropriate.

l.  Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of the Complaint in accordance with Federal Rule of Civil Procedure 38(b).


Respectfully submitted,

KOLMAN ELY, P.C.

/s/ W. Charles Sipio
Timothy M. Kolman, Esquire
Wayne A. Ely, Esquire
W. Charles Sipio, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138
tkolman@kolmanlaw.net
wely@kolmanlaw.net
wcsipio@kolmanlaw.net

*Attorneys for Plaintiff*


Dated: April 25, 2016